1

2  Steven W. Ritcheson, Esq. (SBN 174062)
   WHITE FIELD, Inc.
3  9800 D Topanga Canyon Blvd. #347
   Chatsworth, California 91311
4  Telephone:  (818) 882-1030
   Facsimile:  (818) 337-0383
5  swritcheson@whitefieldinc.com

6  Attorneys for Plaintiff Olympic Developments AG, LLC

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  OLYMPIC DEVELOPMENTS AG, LLC,        )    Case No.  3:11-cv-01080-JCS
                                         )    Mag. Judge:  Hon. Joseph C. Spero
13              Plaintiff,               )
            vs.                          )
14                                       )    **SECOND AMENDED COMPLAINT FOR
    SONY COMPUTER ENTERTAINMENT          )    PATENT INFRINGEMENT**
15  AMERICA LLC,                         )
                                         )    **Jury Trial Demanded**
16              Defendant.               )
                                         )
17                                       )
                                         )
18  _____

19

20

21

22

23

24

25

26

27

28

               **SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**
                         Case No.  3:11-cv-01080-JCS

1    **PLAINTIFF'S SECOND AMENDED COMPLAINT**

2        Plaintiff Olympic Developments AG, LLC ("Plaintiff"), by and through its undersigned

3    counsel, files this Second Amended Complaint against Sony Computer Entertainment of America,

4    LLC (collectively "Defendant") as follows:

5    **NATURE OF THE ACTION**

6        1.    This is a patent infringement action to stop Defendant's infringement of Plaintiff's

7    United States Patent No. 5,475,585 entitled "*Transactional Processing System*" (the "'585 patent"; a

8    copy of which is attached hereto as Exhibit A) and United States Patent No. 6,246,400 entitled

9    "*Device for Controlling Remote Interactive Receiver*" (the "'400 patent"; a copy of which is attached

10   hereto as Exhibit B) (collectively, "the patents-in-suit").  Plaintiff is the exclusive licensee of the

11   '585 patent and '400 patent with respect to the Defendant.  Plaintiff seeks injunctive relief and

12   monetary damages.

13   **PARTIES**

14       2.    Plaintiff is a limited liability company organized and existing under the laws of the

15   State of Delaware.  Plaintiff maintains its principal place of business at 1000 North West Street,

16   Suite 1200, Wilmington, DE 19801.  Plaintiff is the exclusive licensee of the '585 and '400 patents

17   with respect to the Defendant, and possesses the right to sue for infringement and recover past

18   damages.

19       3.    Upon information and belief, Sony Computer Entertainment of America, LLC,

20   ("SCEA") is a limited liability company organized and existing under the laws of the State of

21   Delaware, with its principal place of business located at 919 East Hillsdale Boulevard, Foster City,

22   California 94404.

23   **JURISDICTION AND VENUE**

24       4.    This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*,

25   including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over

26   this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

27

28   **SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**
     Case No.  3:11-cv-01080-JCS

5.      The Court has personal jurisdiction over Defendant because: Defendant is present within or has minimum contacts with the State of California and the Northern District of California; Defendant has purposefully availed itself of the privileges of conducting business in the State of California and in the Northern District of California; Defendant has sought protection and benefit from the laws of the State of California; Defendant regularly conducts business within the State of California and within the Northern District of California; and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of California and in the Northern District of California.

6.      More specifically, Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of California, and the Northern District of California.  Upon information and belief, Defendant has committed patent infringement in the State of California and in the Northern District of California.  Defendant solicits customers in the State of California and in the Northern District of California.  Defendant has many paying customers who are residents of the State of California and the Northern District of California and who each use Defendant's products and services in the State of California and in the Northern District of California.

7.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**COUNT I – PATENT INFRINGEMENT**

8.      The '585 patent was duly and legally issued by the United States Patent and Trademark Office on December 12, 1995, after full and fair examination for systems and methods for purchasing products over a network.  Plaintiff is the exclusive licensee of the '585 patent with respect to the Defendant, and possesses all rights of recovery under the '585 patent with respect to the Defendant, including the right to sue for infringement and recover past damages.

**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**
Case No.  3:11-cv-01080-JCS

9.     The '400 patent was duly and legally issued by the United States Patent and Trademark Office on June 12, 2001, after full and fair examination for systems for transactional system terminals.  Plaintiff is the exclusive licensee of the '400 patent with respect to the Defendant, and possesses all rights of recovery under the '400 patent with respect to the Defendant, including the right to sue for infringement and recover past damages.

10.     Plaintiff is informed and believes that SCEA owns, operates, advertises, controls, sells, and otherwise provides hardware, software and websites for "online game and video services" including via the Sony Playstation 3 ("the SCEA device") and Sony Playstation Store ("the SCEA service"), both available through www.playstation.com.  Upon information and belief, SCEA has infringed and continues to infringe one or more claims of the '585 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for purchasing products and services and processing corresponding financial transactions, including via the SCEA service and SCEA device.  Upon information and belief, SCEA has infringed and continues to infringe one or more claims of the '400 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for remotely selecting and receiving desired programming selections, including via the SCEA service and SCEA device.  More particularly, Plaintiff is informed and believes that SCEA has and/or requires and/or directs users to access and/or view and/or purchase products from a remote programming system at the Playstation Store via a Playstation 3 remote receiver device in a manner claimed in the patents-in-suit.

11.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

12.     Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law,

**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**
Case No.  3:11-cv-01080-JCS

cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

13.     Defendant's infringement of Plaintiff's exclusive rights under the '585 patent and the '400 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

14.     Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A.  An adjudication that one or more claims of the '585 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

B.  An adjudication that one or more claims of the '400 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendants;

C.  An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendants' acts of infringement together with pre-judgment and post-judgment interest;

D.  A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of infringement with respect to the claims of the '585 patent and the '400 patent;

E.  That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**
Case No.  3:11-cv-01080-JCS

1    F.  Any further relief that this Court deems just and proper.

2

3  Dated:  April 25, 2011

4                                             WHITE FIELD, INC.

5

6                                        By:  _____

7

8                                             Steven W. Ritcheson
                                              Attorneys for Plaintiff OLYMPIC
9                                             DEVELOPMENTS AG, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    **SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**
      Case No.  3:11-cv-01080-JCS